IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Thurman Van Lilly, #297494,             ) | C/A No.  2:06-1138-JFA-RSC |
|                                          ) | |
| Plaintiff,       ) | |
| v.                                       ) | **ORDER** |
|                                          ) | |
| Harvey Knox; John Allen; Tracy Lewis;    ) | |
| Lane Cribb; Issac Pyatt; Matthew Modica; ) | |
| Linda Canteen; and Tara S. Taggart,      ) | |
|                                          ) | |
| Defendants.      ) | |
| _____ ) | |

The *pro se* plaintiff, Thurman Van Lilly, initiated this action against the defendants pursuant to 42 U.S.C. § 1983 and § 1985.  The complaint sets out nine causes of action including allegations of conspiracy, false arrest, abuse of legal authority, malicious prosecution, breach of trust, and barratry.

The action arises out of the arrest and prosecution of the plaintiff on state criminal charges.  Van Lilly is currently an inmate with the South Carolina Department of Corrections serving a 20-year sentence, which commenced on April 15, 2003, for criminal sexual conduct.     In accordance with established procedures in this District, the case was referred to a Magistrate Judge for pretrial handling.  The matter is now before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C.

1

§ 636(b)(1)(B) and Local Civil Rule 73.02.[1]  In his detailed and comprehensive Report and Recommendation filed with the court on May 3, 2006, the Magistrate Judge suggests that the plaintiff's allegations fail to state a claim upon which the court can grant relief and thus, the complaint should be dismissed.

The plaintiff was advised of the right to file objections to the Report.  Within time limits set out in the Local Rules for this District, the plaintiff filed an objection memorandum.

In his objections, the plaintiff contends that the Magistrate Judge misconstrued the "gist of the complaint."  The plaintiff asserts that the crux of all the allegations presented is "conspiracy against civil rights," and that the allegations of unlawful arrest, fabrication of evidence, malicious prosecution, and barratry were the "means or over acts" used by the defendants to accomplish their conspiracy.  He contends that each defendant, except the sheriff (defendant Cribb), acted personally towards the plaintiff and that he only attempts to sue the defendants in their "individual capacity".  The plaintiff then "amends his complaint" via his objections to allege "only conspiracy against civil rights as the ground which plaintiff claims is to be considered by the court."  He also confirms his allegations that the violations were committed by persons acting under color of state law.

---

[1] The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

The plaintiff has moved to amend one or more of his causes of action. Because the complaint has not been served on the defendants, the court will allow the plaintiff to file an amended complaint within 30 days of the date of this order.

The court will decline acceptance of the Report and Recommendation at this time due to the fact that the plaintiff will be amending his complaint.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

April 10, 2007
Columbia, South Carolina