UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thurman Van Lilly, | ) C/A No. 2:06-1138-JFA-RSC |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| | ) For Partial Summary Dismissal |
| Harvey Knox; John Allen; Tracy Lewis; Lane Cribb; Isaac Pyatt; Matthew Modica; Linda Canteen; and Tara S. Taggart, | ) |
| Defendants. | ) |

The plaintiff, Thurman Van Lilly ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at Lieber Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. By Order dated April 10, 2007, Plaintiff was given thirty days to file an Amended Complaint. On May 8, 2007, Plaintiff filed an Amended Complaint claiming the Defendants conspired to deprive Plaintiff of his constitutional rights of due process and liberty. Plaintiff seeks monetary damages. The Defendant Issac Pyatt is a magistrate in the state judicial system, and has absolute immunity from suit under § 1983.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28

U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (en banc), cert. denied, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (per curiam). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*,

2

901 F.2d 387, (4th Cir. 1990).

## Discussion

The Amended Complaint, in the listed Fourth Cause of Action, alleges Defendant Pyatt "did on April 15, 2003 conspire with officers of the Georgetown County Sheriff's office and other non law-enforcement individuals to deprive plaintiff of his constitutional rights to due process and right to be secure in his person and home from unreasonable restraint on his liberty." The Amended Complaint requests monetary damages. Defendant Pyatt is a magistrate judge in the South Carolina judicial system, and has absolute immunity from liability under § 1983 for actions taken in his judicial capacity. Judges have absolute immunity from a claim for damages arising out of their judicial actions. *Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit against two Virginia magistrates). The law "has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Immunity presents a threshold question, and should be resolved before discovery is allowed. Harlow v. Fitzgerald, 475 U.S. 800, 818 (1982); Siegert v. Gilley, 500 U.S. 226 (1991). Absolute immunity is "an immunity from suit rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Defendant Pyatt has absolute judicial immunity from

3

liability under § 1983 in this case, and should be dismissed as a party to this case.

### Recommendation

It is recommended that the District Court dismiss Defendant Isaac Pyatt as a party to this case without issuance and service of process on Defendant Pyatt. Process will be issued against the remaining Defendants. **The plaintiff's attention is directed to the notice on the following page.**

                              Respectfully submitted,

                              Robert S. Carr
                              United States Magistrate Judge

May 10, 2007
Charleston, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).