RECEIVED
USDC CLERK, CHARLESTON, SC
2007 SEP 24 P 2: 22

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thurman Van Lilly, | C. A. No. 2:06-1138-JFA-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Harvey Knox; John Allen; Tracy Lewis; Lane Cribb; Isaac Pyatt; Matthew Modica; Linda Canteen; and Tara S. Taggart, | |
| Defendants. | |

This civil rights case brought pursuant to 42 U.S.C. §1983 by a state prisoner proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion to dismiss. 28 U.S.C. § 636(b).

On April 28, 2007, the plaintiff, Thurman Van Lilly, brought this action against Captain Harvey Knox of the Georgetown County Sheriff's Office, Investigator John Allen of the Georgetown County Sheriff's Office, Investigator Tracy Lewis of the Georgetown County Sheriff's Office, Georgetown County Sheriff Lane Cribb, Magistrate Judge Issac Pyatt[1], Georgetown County Solicitor Matthew Modica, Linda Canteen, Victim's Advocate, and

---

[1] Judge Pyatt was dismissed from the action on June 12, 2007, by the Honorable Joseph F. Anderson, Jr., United States District Judge.

1

Tara S. Taggart, Esquire. Lilly amended his complaint on May 8, 2007, to make clear that he was alleging the defendants conspired to violate his constitutional rights.

On June 7, 2007, Defendants filed a motion to dismiss the action for failure to state a claim for which relief may be granted under Fed. R. Civ. P 12(b)(6). One of the grounds for dismissal of the case raised by Defendants is their argument that "Plaintiff undeniably alleges that his injuries stem from his alleged unlawful incarceration" (Defendants' Memorandum Pg. 8) for convictions which have not been overturned. Hence, none of Plaintiff's causes of action have yet accrued and the action must be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994). Plaintiff responded to the motion to dismiss by filing a pleadings denominated "Plaintiff's Motion to Strike and For Judgment on the Pleadings" on July 9, 2007.

A hearing on the motion was held before the undersigned on September 19, 2007, at which time the plaintiff indicated that the claims he is presenting in the instant action are the same claims he presented in his now pending habeas corpus petition under 28 U.S.C. §2254, C/A 07-0999-JFA-RSC. Therefore, it appears that Heck would bar consideration of the civil rights claims until and unless Lilly is successful in impugning his convictions in his habeas corpus action.

2

Accordingly, it is recommended that this action either be dismissed without prejudice or held in abeyance pending the outcome of Lilly's habeas corpus action.

>Respectfully Submitted,
>
>Robert S. Carr
>United States Magistrate Judge

Charleston, South Carolina

September **24**, 2007

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).

4