IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thurman Van Lilly, ) | C/A No.   2:06-1138-JFA-RSC |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Harvey Knox; John Allen; Tracy Lewis; ) | |
| Lane Cribb; Matthew Modica; ) | |
| Linda Canteen; and Tara S. Taggart, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Thurman Van Lilly, has filed a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. The defendants have responded in opposition to this motion which is now ripe for review.

On January 24, 2008, the undersigned dismissed plaintiff's action under 42 U.S.C. § 1983 wherein the plaintiff claimed that his constitutional rights were violated when he was arrested by the defendants in 2003. The court dismissed the action, *without prejudice*, on the grounds that plaintiff's claims had not accrued pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

On February 5, 2008, the plaintiff filed a motion to amend the judgment pursuant to Fed. R. Civ. P 59(e). The court denied the motion, opining that the motion presented no new controlling law or evidence, and that it was an attempt to reargue issues already briefed and decided by the court. The court then advised the plaintiff that the proper method for seeking review of the aggrieving ruling is to file an appeal with the Fourth Circuit Court of Appeals.

As of the date of this order, no appeal has been filed.

In his motion now before the court, the plaintiff asserts that in his habeas corpus action filed after the above action was commenced, the Magistrate Judge assigned to that action recommended that his habeas petition be granted. Thus, he argues, his right of action has now accrued under his § 1983 complaint. In his motion, plaintiff stated that he believes "more likely than not the court will rule in favor of granting the writ of habeas corpus, Lilly -vs- Burt 2:07-999-JFA-RSC."

However, on March 28, 2008 in Lilly's habeas action (C/A No. 2:07-999-JFA), the court granted summary judgment to the respondents noting that Lilly's allegation that his state court indictments were defective is an issue of state law because it questions the interpretation of state statutes and, therefore, is not cognizable in a federal habeas case. *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998). In his habeas case, Lilly also filed a motion to alter the judgment under Rule 59(e) which is presently pending and awaiting additional briefing from Lilly.

Under Rule 60(b), the court may relieve a party from a final judgment due to (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. The court finds that plaintiff has not presented any meritorious basis upon which relief can be granted. Accordingly, the motion is denied.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

April 23, 2008
Columbia, South Carolina

2